IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EFREN ERIVES GONZALEZ, #35915-051**                                          **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 5:08-cv-232-DCB-MTP**

**UNKNOWN PEARSON**                                                  **RESPONDENT**

MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT

      This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner Efren Erives Gonzalez filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On July 10, 2008, the envelope containing correspondence from this court was returned by the postal service with the notation "return to sender." On July 14, 2008, an order was entered directing petitioner to file a written response regarding the exhaustion of petitioner's administrative remedies on or before August 4, 2008. Petitioner was warned in the July 14, 2008 order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. Petitioner failed to comply with this order. On August 19, 2008, this court's July 14, 2008, order was returned by the postal service with the notation "return to sender". Upon review of the Bureau of Prison's website, it appears that this petitioner was released on July 28, 2008.

      This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id*. at 629-30.

Petitioner has not complied with two court orders and has not communicated with this court since July 2, 2008.  The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper.  Since the respondent has never been called upon to respond to petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the   9th    day of October, 2008.


         s/ David Bramlette
        UNITED STATES DISTRICT JUDGE